**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **JAMES W. CAUGER,** *et al.*<br><br>　　Plaintiffs<br><br>v.<br><br>**TEXAS INSTRUMENTS, INC.**<br>　and **JOHN DOE**<br><br>　　Defendants | **CIVIL ACTION NO.**<br>**1:16-cv-10358-DPW** |

**DEFENDANT TEXAS INSTRUMENTS INCORPORATED'S**
**MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

Dated: July 1, 2016

Respectfully submitted,

TEXAS INSTRUMENTS INCORPORATED
By its attorneys,

Mark O. Denehy | BBO No. 120380
Katharine S. Perry | BBO No. 634167
Brian R. Birke | BBO No. 652720
ADLER POLLOCK & SHEEHAN P.C.
175 Federal Street
Boston, MA 02110
T: 617 482 0600

Defendant Texas Instruments Incorporated[1] ("TI") submits this Memorandum of Law in support of its Motion to Dismiss all Plaintiffs' claims in the First Amended Complaint ("Complaint").[2] The Complaint fails as a matter of law because the Employee Plaintiffs' claims are precluded by the Massachusetts Workers' Compensation Act, M.G.L. c. 152, § 1, *et seq.* (the "Act").  As alleged, the Employee Plaintiffs and their decedents (as applicable) are former employees of TI (or its former wholly-owned subsidiary), who claim that they were exposed to radioactive materials while working at TI, which caused them to develop various cancers. Because the Employee Plaintiffs' entire case is predicated on common-law, tort-based personal injury claims arising out of their employment with TI, their claims are barred by the Act.  The Employee Plaintiffs' exclusive avenue for relief is pursuant to the Act, and not this Court.  As a result, the Employee Plaintiffs' claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or 12(b)(6).

---

[1] Texas Instruments Incorporated is improperly named in this proceeding.  Its exact, registered name is Texas Instruments Incorporated, not Texas Instruments, Inc.

[2] Plaintiffs comprise twenty three (23) individuals and twenty five (25) estates (collectively, the "Employee Plaintiffs").  The individual plaintiffs are: James W. Cauger, George Bergman, Ismenia Bernardo, Linda Bozek, Mary M. Campbell, John D. Cotter, Irma Dratwinski, Peter Gagnon, Joseph Grenier, Charles Latimer Jr., Ely O Marques, Barbara Menard, Maria Moura, Maria Pedro, Charmayne Phillips, Lillian Rickets, Ernest Sickinger, George Simonin, Donald Skinner, Irene Smith, Brett Torngren, Frank Torngren, and Colleen A. Zarembovicz.  The estate plaintiffs are: Estate of Charles W. Balser, Estate of Audrey Chase, Estate of Juliano DiRenzo, Estate of Michael P. DiIorio, Estate of Carl F. Ellery, Estate of Maria Fonseca, Estate of Richard H. Gaboury, Estate of Eugene F. Garneau, Estate of Evans Gilmore, Estate of Lyford W. Gorman, Estate of Theodore Guimond, Estate of David Hoyle, Estate of Blanche Leary, Estate of Elizabeth A. McCretton, Estate of Irene Moitoza, Estate of Antonio Resendes, Estate of Edward Lewis Schulze, Estate of Rose Sheldon, Estate of Rose Silvia, Estate of Louraine E. Sullivan, Estate of Pierrette M. Sullivan, Estate of Elmer Thornhill, Estate of Barbara M. Turgeon, Estate of Anna M. Vallet, and Estate of Susan Neveu.

## THE EMPLOYEE PLAINTIFFS' ALLEGATIONS[3]

According to the Complaint, the Employee Plaintiffs are (1) former employees of TI or its former wholly-owned subsidiaries M&C Nuclear, Inc. and Metals and Controls, Inc. (collectively, "M&C"), or both, and (2) the estates of deceased former employees of TI or M&C, or both.[4]  Complaint ¶¶ 1-245.  They were employed by M&C during various periods between 1949 and 2007.  *Id.*  As a direct and proximate result of their employment at M&C, they suffered various cancers and other injuries which they associate with their workplace exposure to enriched uranium and other radioactive materials.  *Id.* at ¶¶ 2, 6, 10, 14, 18, 22, 26, 30, 34, 38, 42, 46, 50, 54, 58, 62, 66, 70, 74, 78, 82, 86, 90, 94, 99, 105, 111, 117, 123, 129, 135, 141, 147, 153, 159, 165, 171, 177, 183, 189, 194, 200, 206, 212, 218, 224, 230, 236, 242, and 261.

With regard to M&C's operations during their employment, the Employee Plaintiffs allege that, from 1952 through 1981, M&C fabricated for the United States Government radioactive fuel elements using enriched uranium, and also used and supplied thorium foil strips, radium-containing equipment, and depleted and processed uranium.  *Id.* at ¶¶ 253-257.  M&C processed such radioactive materials at its "Forest Street Facility," an M&C manufacturing facility located on Forest Street in Attleboro, Massachusetts.  *Id.* at ¶¶ 253, 257-260, 263.  In addition to M&C's operations involving radioactive materials at the Forest Street Facility, it is alleged that M&C improperly deposited its radioactive waste inside and around various buildings located at its Forest Street Facility.  *Id.* at ¶¶ 265, 266, 293.  As a direct result of their employment with M&C "in the 1950's, 1960's, 1970's and 1980's at the Forest Street

---

[3] While TI disputes many of the assertions set forth in the Complaint, solely for purposes of its Motion to Dismiss, as it must, it does not dispute the factual allegations in the Complaint, but reserves the right to do so in subsequent pleadings and proceedings.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

[4] As a corporate successor to M&C, TI and M&C are used interchangeably herein.  The Employee Plaintiffs allege that Defendant John Doe purportedly acted in concert with TI in the handling of radioactive materials and other hazardous substances.  Complaint ¶ 249.

2

[F]acility," the Employee Plaintiffs allege that they "were exposed to these … radioactive materials on a daily basis." *Id.* at ¶¶ 261, 294.

Importantly, the Employee Plaintiffs claim that, as a result of their workplace exposure, they each developed cancer and, "as a consequence of have [sic] contracted cancer[,]" have suffered additional injuries and losses. *Id.* at ¶¶ 315, 320, 327, 334, 345, 346, 348, 357.

As to the specific acts that the Employee Plaintiffs allege caused their injury – the development of occupational cancer – they claim that: (1) M&C failed to warn the Employee Plaintiffs of the dangers of working with radioactive materials, *id.* at ¶¶ 270-272; (2) M&C failed to hire safety personnel, establish adequate radiation health protocols for the Employee Plaintiffs, and generally protect the Employee Plaintiffs from exposure to radioactive materials, *id.* at ¶¶ 273, 275-276, 279-280, 285; (3) M&C failed to regularly monitor and limit the Employee Plaintiffs' exposure to radiation, *id.* at ¶¶ 278, 282-283; (4) M&C employed work-related policies that increased the Employee Plaintiffs' exposure to radioactive materials, *id.* at ¶¶ 282-283, 286-287; (5) M&C failed to timely inform the Employee Plaintiffs of their exposure to radioactive materials, *id*. at ¶¶ 290-291; and (6) M&C failed to properly dispose of its radioactive materials on the grounds of the Forest Street Facility, thereby exposing the Employee Plaintiffs to radioactive materials, *id.* at ¶¶ 292-294, 298.

Based on these allegations, the Employee Plaintiffs assert five (5) counts identified as negligence and gross negligence (Count I), negligence per se (Count II), ultra-hazardous activity-strict liability (Count III), willful and wanton misconduct (Count IV), and breach of fiduciary duty (Count V); the Employee Plaintiffs representing estates of decedents also assert a count for wrongful death, pursuant to M.G.L. c. 229, § 2 (Count VI). *Id.* at ¶¶ 301-345, 349-356.

The Employee Plaintiffs only seek monetary damages in their Prayer for Relief. Specifically, they seek $10,000,000 per Employee Plaintiff in compensatory damages and $50,000,000 per Employee Plaintiff in punitive damages.  *Id.* at p. 68.

## STANDARD OF REVIEW

In order to survive a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Employee Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face."  *A.G. ex rel Maddox v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007).  Even though the well-pleaded factual allegations in a complaint must be accepted as true at the pleading stage, "this tenet does not apply to statements in the complaint that merely offer legal conclusions couched as facts or are threadbare or conclusory."  *Air Sunshine, Inc. v. Carl*, 663 F.3d 27, 33 (1st Cir. 2011). Similarly, allegations that are "unembellished by any supporting facts" are insufficient because "the plausibility standard demands that a party do more than suggest in conclusory terms the existence of questions of fact about the elements of a claim."  *A.G. ex rel Maddox*, 732 F.3d at 80-81.  Here, if the Employee Plaintiffs' Complaint is insufficient to state a cause of action in accordance with the law because their claims are barred under the Act, the Motion to Dismiss under Rule 12(b)(6) must be allowed.  *See Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 84 (1st Cir. 2008); *Sarocco v. Gen. Elec. Co.*, 879 F. Supp. 156, 159-60 (D. Mass. 1995).

Similarly, because the Act provides their exclusive remedy and bars the Employee Plaintiffs' claims, this Court lacks subject matter jurisdiction over those claims and a Motion to Dismiss under Rule 12(b)(1) must be allowed.  *See Branyan v. Sw. Airlines Co.*, 105 F. Supp. 3d 120, 125 (D. Mass. 2015); *Presto v. Sequoia Sys., Inc.*, 633 F. Supp. 1117, 1118 (D. Mass. 1986); *Saab v. Massachusetts CVS Pharmacy, LLC*, 452 Mass. 564, 566 (2008); *Foley v.*

*Polaroid Corp.*, 381 Mass. 545, 548 (1980).

## ARGUMENT

It is well-settled law in Massachusetts that the issue of Workers' Compensation Act exclusivity and barring of claims turns on the nature of the personal injury alleged to have arisen out of and in the course of employment. *See Estate of Moulton v. Puopolo*, 467 Mass. 478, 483 (2014); *Saab*, 452 Mass. at 566; *Foley*, 381 Mass. at 548. Here, the Employee Plaintiffs' allegations and legal claims wholly pertain to their occupational cancers, which are exclusively compensable under the Workers' Compensation Act. *See Sarocco*, 879 F. Supp. at 160-61. As a result, their claims are barred and their Complaint must be dismissed with prejudice pursuant to Rule 12(b)(1) and/or 12(b)(6).

**I.     History And Purpose Of The Workers' Compensation Act Statutory Scheme**

Enacted in 1911, the Massachusetts Workers' Compensation Act, M.G.L. c. 152, § 1, *et seq.* (previously defined as the "Act"), provides employees broad protections in the form of guarantees of payment for any workplace injuries they suffer. *Estate of Moulton*, 467 Mass. at 483. As the Supreme Judicial Court of Massachusetts has recognized:

> The Act was enacted as a 'humanitarian measure' in response to strong public sentiment that the remedies afforded by actions of tort at common law did not provide adequate protection to workers .... It is a remedial statute and should be given a broad interpretation, viewed in light of its purpose and to 'promote the accomplishment of its beneficent design.

*Case of Sellers*, 452 Mass. 804, 810 (2008) (citations and quotations omitted). In exchange for the Act's statutory guaranty of compensation for employees' personal injury claims, irrespective of fault, intention, or forseeability, employees waive their right to pursue any other remedies against their employer for compensation for the same personal injuries. *Estate of Moulton*, 467 Mass. at 483; *Saab*, 452 Mass. at 570; *Fleming v. Nat'l Union Fire Ins. Co.*, 445 Mass. 381, 383-

5

84 (2005). As consistently articulated by courts, the intent of the Act was to take "away from employees who should become subject to its provisions all other remedies that they had against their employers for injuries happening in the course of their employment and arising therefrom, and to substitute for such remedies the wider right of compensation given by the [A]ct." *Saab*, 452 Mass. at 567, *citing* L.Y. Nason, C.W. Koziol, & R.A. Wall, WORKERS' COMPENSATION § 26.1 (3d ed.2003), *quoting King v. Viscoloid Co.*, 219 Mass. 420, 422 (1914). Such is the case for injured employees' families and dependents, and the estates of deceased employees, too. M.G.L. c. 152, § 24; *Estate of Moulton*, 467 Mass. at 484; *Saab*, 452 Mass. at 568; *Russell v. Boston Wyman, Inc.*, 410 Mass. 1005, 1007 (1991); *Berger v. H.P. Hood, Inc.*, 416 Mass. 652 (1993). As a result, the employer in effect obtains immunity from such actions at law. *Saab*, 452 Mass. at 567. The Act's guaranteed compensation and employer immunity serves the salutary purpose of ensuring predictability for both employee and employer and balances protection for workers with certainty for employers. *Estate of Moulton*, 467 Mass. at 483, *citing Saab*, 451 Mass. at 567, *Wentworth v. Henry C. Becker Custom Bldg., Ltd.*, 459 Mass. 768, 773 nn. 6, 7 (2011), and *Correia v. Firestone Tire & Rubber Co., Inc.*, 388 Mass. 342, 349–350 (1983).[5]

Compensation under the Act, therefore, is the exclusive remedy for personal injuries to an employee suffered in the course of employment. *Estate of Moulton*, 467 Mass. at 482-83, *citing Foley*, 381 Mass. at 551–552, *Saab*, 452 Mass. at 567. This exclusivity is set forth at M.G.L. c. 152, § 24. Section 24 provides, in relevant part, as follows:

> An employee shall be held to have waived his right of action at common law … to recover damages for personal injuries, if he shall not have given his employer, at

---

[5] An employee can opt-out or waive her or his right to receive compensation payments under the Act, but must notify the employer in writing at the time of hire that, she or he, in fact does not waive any rights to assert an action at law. M.G.L. c. 152, § 24; *Foley*, 381 Mass. at 548–549. As set forth in Section III.A. below, none of the Employee Plaintiffs (or their decedents) waived their rights under the Act.

the time of his contract of hire, written notice that he claimed such right …. If an employee has not given notice to his employer that he preserves his right of action at common law as provided by this section, the employee's spouse, children, parents and any other member of the employee's family or next of kin who is wholly or partly dependent upon the earnings of such employee at the time of injury or death, shall also be held to have waived any right created by statute, at common law, or under the law of any other jurisdiction against such employer, including, but not limited to claims for damages due to emotional distress, loss of consortium, parental guidance, companionship or the like, when such loss is a result of any injury to the employee that is compensable under this chapter.

This provision has been the cornerstone of the Act and, in accordance with its remedial purpose to ensure employee protections and employer certainty, is interpreted very broadly. *Estate of Moulton*, 467 Mass. at 483. Indeed, the "Legislature has had opportunities to narrow its scope, and has not done so." *Berger*, 416 Mass. at 656. Consequently, Massachusetts courts have applied the Act regardless of the wrongfulness of the employer's conduct or the foreseeability of harm and to preclude similar actions as the Employee Plaintiffs assert here, including, among others, claims of negligence, recklessness, gross negligence, willful and wanton misconduct, emotional harm, intentional conduct, breach of fiduciary duty, and wrongful death. *See Estate of Moulton*, 467 Mass. at 484; *Case of Kelly*, 17 Mass. App. Ct. 727, 729 (1984), *aff'd sub nom., Kelly's Case*, 394 Mass. 684 (1985); *In re Fitzgibbons' Case*, 374 Mass. 633, 637-38 (1978); *Sarocco*, 879 F. Supp. at 161. *See also* M.G.L. c. 152, § 28 (remedy for employee injuries resulting from serious and willful workplace misconduct is award of double damages under the Act).

Courts also hold that, so long as a work-related injury is compensable, (*i.e.,* covered) under the Act, Section 24 applies and the exclusivity provision bars any other remedies against the employer. *See, e.g., Saab*, 452 Mass. at 570. This is the case irrespective of whether compensation actually is available (*e.g.*, paid) under the Act. *Id*. at 570-71, *citing, among others, Crews v. Memorex Corp.*, 588 F. Supp. 27, 30 (D. Mass. 1984), *Doe v. South Carolina State*

7

*Hosp.*, 285 S.C. 183, 191-192, 328 S.E.2d 652 (1985) ("[T]he fact that no actual monetary award can be made pursuant to the [workers' compensation act] ... has no bearing whatever on the Act's exclusivity.... [T]he Act provides the exclusive remedy for injuries resulting from an accident arising out of and in the course of the employment, whether or not the particular injury may be compensated by a monetary award under the Act") (alterations in original), L.Y. Nason, C.W. Koziol, & R.A. Wall, WORKERS' COMPENSATION § 26.1 (3d ed. 2003) ("The cases nationwide bar a tort action against the employer" where the act "clearly covers the injury and thereby bars a common law remedy, but the act provides no compensation for the particular harm suffered").

## II. Application Of Workers' Compensation Act Exclusivity And Bar

The inquiry whether the Act precludes a cause (or causes) of action, therefore, centers on the employee's injury and if it is compensable under the Act. *Saab*, 452 Mass. at 569 (citations omitted). As noted, if compensable, Section 24 bars the employee (or her or his family, dependents, and estate) from pursuing relief for her or his injury outside of the Act. *Estate of Moulton*, 467 Mass. at 483-84. An injury is compensable under the Act when the plaintiff suffers a "personal injury" that arises "out of and in the course of employment." *Id.*, *citing* M.G.L. c. 152, § 26; *Green v. Wyman–Gordon Co.*, 422 Mass. 551, 558 (1996), *quoting Foley*, 381 Mass. at 548-549. Consistent with Massachusetts courts' broad interpretation of Act, generally, the concepts of "personal injury" and "arising out of and in the course of employment" are liberally construed. *Sarocco*, 879 F. Supp. at 160, *citing Kelly's Case*, 17 Mass. App. Ct. 727, 729 (1984). A personal injury is defined by the nature of the injury or harm for which a plaintiff makes a claim, and **not** the nature of the defendant's act or supposed wrong which the plaintiff alleges to have been responsible for that injury or harm. *Foley*, 381 Mass. at 552;

*Sarocco,* 879 F. Supp. at 161. Further, a personal injury "arises out of the employment if it arises out of the nature, conditions, obligations or incidents of the employment; in other words, out of the employment looked at in any of its aspects." *Doe v. Purity Supreme, Inc.*, 422 Mass. 563, 566 (1996), *citing Caswell's Case*, 305 Mass. 500, 502 (1940). Thus, the focus of whether the Act precludes the Employee Plaintiffs' suit lies in the nature or substance of their pleading regarding their personal injury, and not the form of their claims or TI's alleged conduct.

### III. The Exclusivity Provision Of The Act Bars The Employee Plaintiffs' Claims Based On Their Occupational Cancer

Here, each of the Employee Plaintiffs' claims is based on an assertion of a personal injury arising out of and in the course of employment and compensable under the Act. As the Employee Plaintiffs extensively and repeatedly allege in their Complaint, they each developed cancer solely as a direct and proximate result of their workplace exposure to enriched uranium and other radioactive and toxic materials. Each Employee Plaintiff specifically alleges that he or she (or its decedent) "was exposed to enriched uranium and other radioactive materials while employed by [TI]." *See* Complaint ¶¶ 2, 6, 10, 14, 18, 22, 26, 30, 34, 38, 42, 46, 50, 54, 58, 62, 66, 70, 74, 78, 82, 86, 90, 94, 99, 105, 111, 117, 123, 129, 135, 141, 147, 153, 159, 165, 171, 177, 183, 189, 194, 200, 206, 212, 218, 230, 236, 242, and 261.[6] The Employee Plaintiffs further specifically allege that, as a result of their aforementioned workplace exposure to radioactive contaminants and other toxic and hazardous substances, they developed cancer. *Id.* at ¶¶ 346, 348, 357. Moreover, the Employee Plaintiffs base each and every one of their legal claims/theories solely on the fact that workplace exposure to radioactive materials caused their injury – cancer. *See id.* at ¶¶ 315 (Count I – Negligence/Gross Negligence), 320 (Count II –

---

[6] The only slight deviation from this language is in the allegation of one Employee Plaintiff – the Estate of Elmer Thornhill – and is non-substantive. The Estate of Elmer Thornhill alleges that Mr. Thornhill, as with the other Employee Plaintiffs, "was employed by Texas Instruments … and, as a direct and proximate result of [TI's] conduct, was exposed to enriched uranium and other radioactive materials while there." *Id.* at ¶ 224.

9

Negligence Per Se), 327 (Count III – Ultra-Hazardous Activity – Strict Liability), 334 (Count IV – Willful and Wanton Misconduct), 345 (Count V – Breach of Fiduciary Duty), and 350, 357 (Count VI – Wrongful Death, M.G.L. c. 229, § 2).

Restated, the Complaint seeks relief only related to the Employee Plaintiffs' development of cancer, which they claim arose out of and in the course of their employment with TI. Because the nature of the injuries for which the Employee Plaintiffs make their claims is the harm suffered from occupational cancers, their claims are covered by the Act. *See Estate of Moulton*, 467 Mass. at 484 (nature of the injury or harm governs the inquiry of exclusivity); *Saab*, 452 Mass. at 569 (same); *Green*, 422 Mass. at 558 (same). There are no alleged injuries irrespective of or untied from the Employee Plaintiffs' occupational cancer that are not compensable under the Act. *See Sarocco*, 879 F. Supp. at 161, *citing Foley*, 381 Mass. at 552. Consequently, the exclusivity provision of the Act precludes the Employee Plaintiffs' claims against TI; their sole remedy is through the Act.

Indeed, the development of occupational cancer from exposure to toxic substances as alleged by the Employee Plaintiffs – whether individually or as the estates of decedents – has been consistently held to be compensable under the Act, regardless of the legal theory of recovery or the alleged causative acts and, therefore, precluded from forming the basis of independent actions at law against employers. *See, e.g., King v. Williams Indus., Inc.*, 724 F.2d 240, 241-42 (1st Cir. 1984), *cert. denied*, 466 U.S. 980 (1984) (holding that the Act bars dependents from bringing claims against employer for negligence, loss of consortium, and wrongful death based on the plaintiffs' decedent's cancer allegedly caused by workplace exposure to a carcinogenic chemical); *Sarocco*, 879 F. Supp. at 161 (holding that the plaintiffs' claim of breach of fiduciary duty against employer was barred by the exclusivity provision of the

Act because the nature of the harm underlying the plaintiffs' claim was cancer caused by workplace exposure to carcinogens, which was compensable under the Act); *Cullinan v. Monsanto Co.*, No. CIV.A. 85-0378-F, 1986 WL 8418 (D. Mass. July 29, 1986) (holding that the exclusivity provision of the Act barred the plaintiffs' claims against an employer for wrongful death, deceit, loss of consortium, conscious pain and suffering, negligence, and breach of warranty where the nature of the plaintiffs' injuries for each claim was the harm suffered as a result of cancer caused by workplace exposure to toxic substances). *See also Case of Fantasia*, 75 Mass. App. Ct. 655, 660 (2009) (berylliosis caused by workplace exposure to beryllium dust); *Watson's Case*, 322 Mass. 581, 583 (1948) (aplastic anemia caused by workplace exposure to benzol); *Reilly's Case*, 1 Mass. App. Ct. 825, 826 (1973) (pulmonary fibrosis caused by workplace exposure to naptha and benzene).

   Particularly instructive is this Court's decision in *Sarocco v. Gen. Elec. Co*. In *Sarocco*, retired workers and families of deceased employees sued employer General Electric Co. ("GE") on the basis that they developed various cancers and other illnesses from workplace exposure to carcinogens. 879 F. Supp. at 158. While conceding that their exclusive remedy for their underlying personal injury was under the Act, the plaintiffs nonetheless pursued recovery on a breach of fiduciary duty theory founded on GE's alleged fraudulent concealment of their workplace exposure and negligent advice regarding same. *Id.* In rejecting the plaintiffs' theory and allowing GE's motion to dismiss based on the Act's exclusivity provision, this Court properly focused on the nature of the harm suffered, not GE's conduct that allegedly caused the injury (no matter how egregious or intentional). *Id.* at 162, *citing Cullinan*, 1986 WL 8418. Focusing on the nature of the harm, this Court ruled that, irrespective of GE's alleged conduct and the plaintiffs' legal theories, however pleaded, it was "inescapable" that the plaintiffs' claim

11

was based on their occupational cancer, which is "unquestionably a personal injury as defined by the Act." *Id.* at 161-63. Accordingly, the *Sarocco* plaintiffs' claim was barred because the Act provided their sole and exclusive remedy, pursuant to Section 24. *Id.* at 163. The same rationale applies here. Because the Employee Plaintiffs' claims are based on their occupational cancer, the Court should dismiss the Complaint.

To be sure, as to each of the Employee Plaintiffs' legal claims, Massachusetts courts have held that they are precluded by the exclusivity provision of the Act, because the personal injuries were sustained in the course of employment.[7] For example, as to the Employee Plaintiffs' Count I (Negligence/Gross Negligence), Massachusetts courts have held the Act to be the exclusive remedy. *See Estate of Moulton*, 467 Mass. at 484 (negligence and gross negligence actions precluded by the Act's exclusive remedy provision); *Fredette v. Simpson*, 440 Mass. 263, 268 (2003) (negligence action governed exclusively by the Act); *Dean v. Raytheon Corp.*, 399 F.Supp.2d 27, 33 (D. Mass. 2005) (gross negligence action barred because the Act provides the exclusive remedy). As to the Employee Plaintiffs' Count III (Ultra-Hazardous Activity – Strict Liability), the Act has been held to be the exclusive remedy. *See Niles-Robinson v. Brigham & Women's Hosp., Inc.*, No. CIV. A. 96-4260-D, 1997 WL 11735, at *1 (Mass. Super. Jan. 2, 1997), *aff'd*, 47 Mass. App. Ct. 203 (1999) (strict liability action barred pursuant to the Act's exclusivity provision). Similarly, as to the Employee Plaintiffs' Count IV (Willful and Wanton Misconduct), Massachusetts courts have held that Act is the exclusive remedy. *See Estate of Moulton*, 467 Mass. at 484 (actions based on willful and wanton misconduct precluded by the

---

[7] As to the Employee Plaintiffs' Count II (Negligence Per Se), no such cause of action exists in Massachusetts. *Juliano v. Simpson*, 461 Mass. 527, 532 (2012); *Dean v. Leonard*, 323 Mass. 606, 608 (1949). It has long been the rule in Massachusetts that a violation of a statute does not by itself establish a breach of duty, for it does not constitute negligence per se. *Ulwick v. DeChristopher*, 411 Mass. 401, 408 (1991). The violation of a statute or regulation constitutes only some evidence of negligence. *See St. Germaine v. Pendergast*, 411 Mass. 615, 620 (1992) (citations omitted). The Employee Plaintiffs' claim for negligence per se fails for this additional reason.

Act's exclusive remedy provision); *Sarocco*, 879 F. Supp. at 161-62 (action based on serious, willful, or egregious misconduct barred by the Act's exclusivity provision).  As to the Employee Plaintiffs' Count V (Breach of Fiduciary Duty), Massachusetts courts likewise have held that the Act is the exclusive remedy.  *See Sarocco*, 879 F. Supp. at 161 (action for breach of fiduciary duty related to personal injury is barred by the Act's exclusivity provision).[8]  And, as to the Employee Plaintiffs' Count VI (Wrongful Death – M.G.L. c. 229, § 2), Massachusetts courts have also held that the Act is the exclusive remedy.  *See Estate of Moulton*, 467 Mass. at 484 (wrongful death action based in tort and M.G.L. c. 229, § 2 precluded by the Act's exclusive remedy provision).

### A.   The Employee Plaintiffs Did Not Waive Their Rights Under The Act To Retain Their Ability To Assert Their Claims

Finally, the Employee Plaintiffs make no allegation that they waived their right to compensation under the Act, as they are required to do in order to proceed with their claims.  *See Estate of Moulton*, 467 Mass. at 483-84.  The Act provides that an employee need not forgo the right to bring claims against an employer predicated on personal injuries, and may instead waive any compensation payments under the Act.  M.G.L. c. 152, § 24.  Any employee so choosing, however, must notify the employer in writing at the time of hire that she or he does not waive the

---

[8] Employers owe no fiduciary duty to employees.  *See Sbrogna v. Worcester Stamped Metal Co.*, 354 Mass. 17, 20 (1968); *Smith v. Zipcar, Inc.*, 125 F. Supp. 3d 340, 345 (D. Mass. 2015).  Consequently, TI owed no fiduciary duties to the Employee Plaintiffs as their employer.  Further, the Employee Plaintiffs do not (because they cannot) allege that there existed a special relationship between any one of them and TI that could give rise to a fiduciary duty.  Massachusetts recognizes fiduciary relationships only in limited circumstances.  *See, e.g., Locator Servs. Grp., Ltd. v. Treasurer & Receiver Gen.*, 443 Mass. 837, 853-854 (2005), *citing Berish v. Bornstein*, 437 Mass. 252, 269 n. 29 (2002) (trustee of condominium association owed fiduciary duty to association but not individual unit owners); *Patsos v. First Albany Corp.*, 433 Mass. 323, 333–334 (2001) (stockbroker is fiduciary of customer in certain circumstances, as where entrusted with discretion); *Demoulas v. Demoulas*, 424 Mass. 501, 504–505 (1997) (sole voting trustee to family business breached fiduciary duty to shareholders by exploiting control over assets); *Merola v. Exergen Corp.*, 423 Mass. 461, 464 (1996) (stockholders in close corporation owe one another fiduciary duty); *Matter of Pressman*, 421 Mass. 514, 518 (1995) (attorneys owe fiduciary duty to clients); *Zimmerman v. Bogoff*, 402 Mass. 650, 660 (1988) (joint venturers owe one another fiduciary duties); *Chelsea Indus., Inc. v. Gaffney*, 389 Mass. 1, 11 (1983) (trusted executives owed fiduciary duty to employer).  The Employee Plaintiffs' breach of fiduciary duty claim fails for these additional reasons.

right to commence a suit to recover for personal injuries.  *Estate of Moulton*, 467 Mass. at 483-84, *citing* M.G.L. c. 152, § 24, *Foley*, 381 Mass. at 548-549.

Importantly, it is the Employee Plaintiffs' burden to establish their retention of the right to pursue such actions in lieu of availing themselves of the exclusive remedies and protections afforded under the Act.  *Id.* at 484 n. 12, *citing Maxwell v. AIG Domestic Claims, Inc.*, 460 Mass. 91, 104 (2011) ("once immunity has been invoked, the burden of overcoming the immunity rests exclusively with the plaintiff").  The Employee Plaintiffs have not done so; the Complaint makes no allegation that they waived their right to compensation under the Act.  Consequently, the Act remains the Employee Plaintiffs' exclusive and sole remedy for their injuries and harms alleged in the Complaint.  The Complaint, therefore, must be dismissed.

## CONCLUSION

The Employee Plaintiffs' claims are all based on personal injuries compensable under the Act.  As a result, Section 24 of the Act and well-settled Massachusetts case law interpreting same provide that the Act is the Employee Plaintiffs' exclusive remedy and that they are barred from bringing this suit.  The Employee Plaintiffs, therefore, have failed to state a cognizable claim and this Court is without subject matter jurisdiction.  For these and all of the foregoing reasons, TI respectfully requests that the Court grant TI's Motion to Dismiss and dismiss the Employee Plaintiffs' Complaint with prejudice.

                                          Respectfully submitted,

                                          TEXAS INSTRUMENTS INCORPORATED
                                          By its attorneys,

Dated: July 1, 2016              /s/_Brian R. Birke__
                                          Mark O. Denehy | BBO No. 120380
                                           mdenehy@apslaw.com
                                          Katharine S. Perry | BBO No. 634167
                                           kperry@apslaw.com
                                          Brian R. Birke | BBO No. 652720
                                           bbirke@apslaw.com
                                          ADLER POLLOCK & SHEEHAN P.C.
                                          175 Federal Street
                                          Boston, MA 02110
                                          T: 617 482 0600

**CERTIFICATE OF SERVICE**

I, Brian R. Birke, hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via First-Class U.S. Mail to those indicated as non-registered participants, on July 1, 2016.

Dated: July 1, 2016  /s/ Brian R. Birke
                             Brian R. Birke