UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES W. CAUGER, *et al.*

    Plaintiffs

v.

TEXAS INSTRUMENTS, INC. and JOHN DOE

    Defendants

**CIVIL ACTIONS NO.**
1:16-cv-10358-DPW
1:16-cv-12338-DPW
1:16-cv-12339-DPW
1:16-cv-12341-DPW
1:16-cv-12342-DPW
1:16-cv-12343-DPW
1:16-cv-12345-DPW
1:16-cv-12352-DPW
1:16-cv-12353-DPW
1:16-cv-12354-DPW
1:16-cv-12355-DPW
1:16-cv-12356-DPW
1:16-cv-12357-DPW
1:16-cv-12358-DPW
1:16-cv-12359-DPW
1:16-cv-12360-DPW
1:16-cv-12361-DPW
1:16-cv-12362-DPW
1:16-cv-12363-DPW
1:16-cv-12364-DPW
1:16-cv-12365-DPW
1:16-cv-12366-DPW
1:16-cv-12367-DPW
1:16-cv-12368-DPW
1:16-cv-12369-DPW
1:16-cv-12373-DPW

**STATUS REPORT AND PROPOSED SCHEDULING ORDER OF THE PLAINTIFFS**

Pursuant to the Court's March 31, 2018 Memorandum and Order, the parties have conferred and been able to agree to a scheduling order as a result of the Defendants' demand to require the Plaintiffs to file another set of Amended Complaints. Filing Amended Complaints only serves to prejudice the Plaintiffs and further delay these proceedings. Requiring the Plaintiffs to file Amended Complaints is unnecessary, superfluous and burdensome to the Plaintiffs. It serves only to reset the clock yet again for the Defendants to file preliminary Motions in response. After waiting over a year for the Court's decisions on the Defendants' Motion to Dismiss the Plaintiffs' twenty-six cases, the Defendants want to restart the clock yet again.

The Courts order was clear. Work related claims are dismissed and these proceedings will determine the viability of any non-work related claims. Counts III, VI and VIII have been dismissed. The Defendants' Answers need only to respond to the Plaintiffs existing Complaints accordingly.

While the Defendants state that will only add one month of time to the scheduling order that is in fact not the case. Refiling the Plaintiff's Complaints essentially resets the clock for the Defendants to again file Motions to Dismiss and further delays and hinders these proceedings.

It is interesting to note that although the Defendants were generous in the time they have allotted themselves to file Answers to the Plaintiffs' complaints, i.e. 90 and 120 days, the Defendants' are requesting that Plaintiffs file Amended Complaints within 30 days all while requiring a specificity they have no legal basis for demanding. The Defendants request a specificity as to identities of chemicals and exposures that is not required at this juncture and is impractical

and unavailable at this stage in these proceedings. In fact, it is the Plaintiffs' belief that the Defendants are in the custody and control of all of this information and this information is expected to be revealed throughout the course of discovery.

The Defendants also ask for additional time to file yet another Motion to Dismiss by July 27, 2018 and to extend the time for filing an answer for those Plaintiffs for 120 days. The basis for the proposed Motion to Dismiss is repetitive at best.  First, this EEOICPA defense was already claimed in Paragraph II of the Defendants' April 19, 2017 Reply Memorandum of Law In Support of its last Motion to Dismiss and for Summary Judgment.  (Docket No. 20). This defense should not be a basis for further extensions. The preclusion of any of the Plaintiffs claims on the basis the Plaintiffs have have accepted benefits under the EEOICPA (if in fact said waiver of benefits and preclusion of claims is applicable in these circumstances), would only be applicable to those claims that are work related.  As this Court has dismissed any work related claims, this defense is not applicable and further Motions to Dismiss on this basis should not be further entertained by this Court.

Pursuant to the Court's March 31, 2018 Memorandum and Order, the Plaintiffs hereby submits the following proposed scheduling order for the discovery process in the matter listed herein.  The Plaintiffs propose that this order will resolve the question of the viability of any non-work related claims and will aid in bringing this case to final and complete judgment.

The deadlines are as follows:

**I.    Pleadings**

1.    Defendants to respond to Plaintiffs' Amended Complaints by **July 30, 2018**.


**II.    Plaintiffs' Proposed Plan for Discovery Related to Determination of the Viability of Plaintiff's Non-Work-Related Exposure Claims.**

1. **Initial Disclosures** – Fed. R. Civ. P. 26(a)(1) initial disclosures shall be served by **September 30, 2018.**

2. **Medical Authorizations** – Plaintiffs shall produce executed authorizations for record collection by **September 30, 2018.**

3. **Written Discovery** – Parties to serve written discovery requests by **November 30, 2018.**

4. Plaintiff to serve responses to Defendant's written discovery requests; Plaintiffs to produce relevant medical records, radiology and pathology materials, and relevant medical information for each plaintiff by **January 31, 2019.**

5. Depositions of Plaintiffs and fact witnesses to be completed **June 30, 2019.**

III. **Expert Discovery Related to Determining the Viability of Plaintiffs' Non-Work-Related Exposure Claims.**

1. Plaintiffs' Expert Reports shall be provided to Defendants by **October 30, 2019.**

2. Depositions of Plaintiffs' Experts shall be completed by **December 30, 2019.**

3. Defendants' Expert Reports shall be completed by **January 30, 2020.**

4. Depositions of Defendants' experts shall occur after Depositions of Plaintiffs' Experts and shall be completed by **May 30, 2020.**

5. Rebuttal Expert Reports shall be provided to Defendants by **July 30, 2020**, and such experts shall be made available for deposition on or before **September 30, 2020**. If rebuttal reports are submitted by Plaintiffs' Experts who have been previously deposed by Defendants in this case, such deposition shall be limited to the new opinions expressed in the rebuttal report and shall not be duplicative of prior questioning by Defendants.

6.

**IV.** ***Daubert* Motions and Hearing.**

*Daubert* motions relating to the determination of the viability of the Plaintiff's non-work related claims shall be served and filed as soon as practical, but no later than **December 31, 2020**. Any responsive brief shall be filed within twenty (20) days after service of the *Daubert* motion and any reply brief shall be served within ten (10) days of service of the answering brief. The Court will conduct a *Daubert* hearing on the admissibility of expert testimony under the standard set forth in *Daubert v. Merrill-Dow Pharmaceuticals*.

**V.** **Case Dispositive Motions.** Case dispositive motions relating to the determination of the viability of the Plaintiff's non-work related claims shall be filed on or before fifteen (15) days after the Court's decision on all *Daubert* motions. If no *Daubert* motions are filed, case dispositive motions shall be filed on or before **December 31, 2020**. Responsive briefs shall be filed within twenty (20) days after service of the dispositive motion. A reply brief, if any, shall be filed within ten (10) days of service of the responsive brief. The Court will conduct a hearing on the summary judgment motions at a time convenient to the Court.

Respectfully submitted,
/s/ Fiore Porreca
Fiore Porreca, Esquire

BBO #651019
Email: pilawpc@gmail.com

PI Law PC
184 North Main Street Attleboro, MA 02703
Telephone: (401) 300-8196
Facsimile: (401) 830-9201
April 20, 2018

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via First-Class U.S. Mail to those indicated as non-registered participants, on April 20, 2018.

Dated: April 20, 2018

 /s/ Fiore Porreca
Fiore Porreca