UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES W. CAUGER,

                Plaintiffs

      v.

TEXAS INSTRUMENTS INCORPORATED
and JOHN DOE

    Defendants

CIVIL ACTION NO.
1:16-cv-10358-DPW

**JURY TRIAL DEMANDED**

## DEFENDANT NAMED AS TEXAS INSTRUMENTS INCORPORATED'S ANSWER AND JURY DEMAND TO THE SECOND AMENDED COMPLAINT OF PLAINTIFF

      Defendant Named as Texas Instruments Incorporated ("TI"), as and for its Answer to Plaintiff's Second Amended Complaint ("Complaint"), states as set forth below.

### PLAINTIFF – JAMES W. CAUGER

1. TI lacks knowledge or information sufficient to either admit or deny the averments contained in Paragraph 1 of the Complaint, and calls upon Plaintiff to prove the same.

2. TI denies the averments in Paragraph 2 of the Complaint.

3. TI denies the averments in Paragraph 3 of the Complaint.

4. TI denies the averments in Paragraph 4 of the Complaint.

### DEFENDANT

5. TI admits that Texas Instruments Incorporated is a Delaware corporation with a principal place of business in Dallas, Texas.

6. TI admits that Texas Instruments Incorporated is a Delaware corporation organized in December of 1938.

7. TI denies the averments in Paragraph 7 of the Complaint.

8.  TI admits that General Plate was a company located in Attleboro, Massachusetts.

9.  TI admits that Spencer Thermostat Company was located in Cambridge, Massachusetts.

10. TI admits that Metals & Controls Corporation was incorporated in 1931.

11. TI admits that in 1959, Metals & Controls Corporation merged and/or consolidated with Texas Instruments Incorporated.

12. TI admits that M&C Nuclear, Inc. was organized as a wholly-owned subsidiary of Metals & Controls Corporation in 1957.

13. TI admits that in 1971, Texas Instruments, Inc. merged into Texas Instruments Incorporated.

14. TI states that the documents referenced in Paragraph 14 speak for themselves. TI denies the averments in Paragraph 14 to the extent they contain an allegation against TI.

15. TI denies the averments in Paragraph 15 of the Complaint.

16. The allegations contained in Paragraph 16 are vague and ambiguous and therefore, TI is unable to admit or deny.

17. TI denies the averments in Paragraph 17 of the Complaint.

**JURISDICTION AND VENUE**

18. TI denies the averments in Paragraph 18 of the Complaint.

19. TI denies the averments in Paragraph 19 of the Complaint.

20. TI denies the averments in Paragraph 20 of the Complaint.

**GENERAL FACTUAL ALLEGATIONS FOR ALL COUNTS**

21. TI admits that Metals & Controls Corporation acquired real property located at or near Forest Street in Attleboro, Massachusetts on or about March 18, 1932, January 15, 1948, February 3, 1948, and April 12, 1950. TI lacks knowledge or information sufficient to either admit or deny

the remaining averments contained in Paragraph 21 of the Complaint, and calls upon the Plaintiff to prove the same.

22. TI states that the documents referenced in Paragraph 22 speak for themselves. TI denies the averments in Paragraph 22 to the extent they misstate the content of the documents referenced herein.

23. TI admits that Metals & Controls Inc. changed its name to Texas Instruments Inc. on January 1, 1970.

24. TI admits that Texas Instruments Incorporated merged with Texas Instruments Inc. on December 31, 1971.

25. TI states that the document referenced in Paragraph 25 speaks for itself. TI denies the averments in Paragraph 25 to the extent they misstate the contents of the document referenced herein.

26. The assertions contained in Paragraph 26 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required.  TI further states that to the extent this Paragraph implies that TI had any legal duty to the Plaintiff, it complied with all of its legal duties. Any remaining factual allegations in this Paragraph as to TI's liability are denied.

27. The assertions contained in Paragraph 27 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required.  To the extent these assertions are deemed allegations of fact, denied.

28. The assertions contained in Paragraph 28 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. TI further states that to the extent this Paragraph implies that TI had any legal duty to the Plaintiff, it complied with all of its legal duties. Any remaining factual allegations in this Paragraph as to TI's liability are denied.

29. The assertions contained in Paragraph 29 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required.  To the extent these allegations are based upon the content of any contract, the scope and terms of any such contract speaks for itself.  TI further states that to the extent this Paragraph implies that TI had any legal duty to the Plaintiff, it complied with all of its legal duties.  Any remaining factual allegations in this Paragraph as to TI's liability are denied.

30. The assertions contained in Paragraph 30 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required.  To the extent these allegations are based upon the content of any contract, the scope and terms of any such contract speaks for itself.  TI further states that to the extent this Paragraph implies that TI had any legal duty to the Plaintiff, it complied with all of its legal duties.  Any remaining factual allegations in this Paragraph as to TI's liability are denied.

31. The assertions contained in Paragraph 31 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required.  To the extent these allegations are based upon the content of any contract, the scope and terms of any such contract speaks for itself.  TI further states that to the extent this Paragraph implies that TI had any legal duty to the Plaintiff, it complied with all of its legal duties.  Any remaining factual allegations in this Paragraph as to TI's liability are denied.

32. The assertions contained in Paragraph 32 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required.  To the extent these allegations are based upon the content of any contracts, the scope and terms of any such contracts speak for themselves.   TI further states that to the extent this Paragraph implies that TI had any legal

duty to the Plaintiff, it complied with all of its legal duties.  Any remaining factual allegations in this Paragraph as to TI's liability are denied.

33. The assertions contained in Paragraph 33 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required.  To the extent these allegations are based upon the content of any contracts, the scope and terms of any such contracts speak for themselves.   TI further states that to the extent this Paragraph implies that TI had any legal duty to the Plaintiff, it complied with all of its legal duties.  Any remaining factual allegations in this Paragraph as to TI's liability are denied.

34. The assertions contained in Paragraph 34 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required.  To the extent these allegations are based upon the content of any contracts, the scope and terms of any such contracts speak for themselves.   TI further states that to the extent this Paragraph implies that TI had any legal duty to the Plaintiff, it complied with all of its legal duties.  Any remaining factual allegations in this Paragraph as to TI's liability are denied.

35. To the extent Paragraph 35 contains allegations of fact relevant to the claims remaining in this case after the March 31, 2018 Order (ECF 46), TI states that to the extent it owed Plaintiff any duty of care regarding possible exposure to radioactive materials, TI complied with any such duty. Any remaining factual allegations as to TI's liability are denied.

36. The assertions contained in Paragraph 36 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. To the extent this paragraph contains allegations of fact relevant to the claims remaining in this case after the March 31, 2018 Order (ECF 46), TI states that to the extent it owed Plaintiff any duty of care regarding

possible exposure to radioactive materials, TI complied with any such duty. Any remaining factual allegations as to TI's liability are denied.

37. The assertions contained in Paragraph 37 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. To the extent this paragraph contains allegations of fact relevant to the claims remaining in this case after the March 31, 2018 Order (ECF 46), TI states that to the extent it owed Plaintiff any duty of care regarding possible exposure to radioactive materials, TI complied with any such duty. Any remaining factual allegations as to TI's liability are denied.

38. To the extent Paragraph 38 contains allegations of fact relevant to the claims remaining in this case after the March 31, 2018 Order (ECF 46), TI states that to the extent it owed Plaintiff any duty of care regarding possible exposure to radioactive materials, TI complied with any such duty. Any remaining factual allegations as to TI's liability are denied.

39. The assertions contained in Paragraph 39 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. To the extent this paragraph contains allegations of fact relevant to the claims remaining in this case after the March 31, 2018 Order (ECF 46), TI states that to the extent it owed Plaintiff any duty of care regarding possible exposure to radioactive materials, TI complied with any such duty. Any remaining factual allegations as to TI's liability are denied.

40. The assertions contained in Paragraph 40 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. To the extent these allegations are based upon the content of any contract, the scope and terms of any such contract speaks for itself. TI further states that to the extent this Paragraph implies that TI had any legal duty to

the Plaintiff, it complied with all of its legal duties.  Any remaining factual allegations in this Paragraph as to TI's liability are denied.

41. The assertions contained in Paragraph 41 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required.  TI further states that to the extent this Paragraph implies that TI had any legal duty to the Plaintiff, it complied with all of its legal duties. Any remaining factual allegations in this Paragraph as to TI's liability are denied.

42. The assertions contained in Paragraph 42 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required.  TI further states that to the extent this Paragraph implies that TI had any legal duty to the Plaintiff, it complied with all of its legal duties. Any remaining factual allegations in this Paragraph as to TI's liability are denied.

43. TI lacks knowledge or information sufficient to either admit or deny the averments contained in Paragraph 43 of the Complaint, and calls upon the Plaintiff to prove the same.

44. The assertions contained in Paragraph 44 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required.  To the extent these assertions are deemed allegations of fact, denied. TI further states that to the extent this Paragraph implies that TI had any legal duty to the Plaintiff, it complied with all of its legal duties.

45. The assertions contained in Paragraph 45 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required.  To the extent these assertions are deemed allegations of fact, denied. TI further states that to the extent this Paragraph implies that TI had any legal duty to the Plaintiff, it complied with all of its legal duties.

46. The assertions contained in Paragraph 46 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required.  To the extent these assertions

are deemed allegations of fact, denied. TI further states that to the extent this Paragraph implies that TI had any legal duty to the Plaintiff, it complied with all of its legal duties.

47. The assertions contained in Paragraph 47 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. To the extent these assertions are deemed allegations of fact, denied.

48. The assertions contained in Paragraph 48 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. To the extent these assertions are deemed allegations of fact, denied. TI further states that to the extent that it had any legal duty to the Plaintiff, it complied with all of its legal duties.

49. The assertions contained in Paragraph 49 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. To the extent these assertions are deemed allegations of fact, denied. TI further states that to the extent this Paragraph implies that TI had any legal duty to the Plaintiff, it complied with all of its legal duties.

50. The assertions contained in Paragraph 50 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. TI further states that to the extent this Paragraph implies that TI had any legal duty to the Plaintiff, it complied with all of its legal duties. Any remaining factual allegations in this Paragraph as to TI's liability are denied.

51. The assertions contained in Paragraph 51 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. To the extent these assertions are deemed allegations of fact, denied. TI further states that to the extent that it had any legal duty to the Plaintiff, it complied with all of its legal duties.

52. The assertions contained in Paragraph 52 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. TI further states that to the extent

that it had any legal duty to the Plaintiff, it complied with all of its legal duties. Any remaining factual allegations in this Paragraph as to TI's liability are denied.

53. The assertions contained in Paragraph 53 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required.  To the extent these assertions are deemed allegations of fact, denied. TI further states that to the extent that it had any legal duty to the Plaintiff, it complied with all of its legal duties.

54. The assertions contained in Paragraph 54 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required.  To the extent these assertions are deemed allegations of fact, denied. TI further states that to the extent that it had any legal duty to the Plaintiff, it complied with all of its legal duties.

55. The assertions contained in Paragraph 55 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. To the extent this paragraph contains allegations of fact relevant to the claims remaining in this case after the March 31, 2018 Order (ECF 46), TI states that to the extent it owed Plaintiff any duty of care regarding possible exposure to radioactive materials, TI complied with any such duty. Any remaining factual allegations in this Paragraph as to TI's liability are denied.

56. The assertions contained in Paragraph 56 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required.  To the extent these assertions are deemed allegations of fact, denied. TI further states that to the extent that it had any legal duty to the Plaintiff, it complied with all of its legal duties.

57. The assertions contained in Paragraph 57 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. To the extent this paragraph contains allegations of fact relevant to the claims remaining in this case after the March 31,

2018 Order (ECF 46), TI states that to the extent it owed Plaintiff any duty of care regarding possible exposure to radioactive materials, TI complied with any such duty. Any remaining factual allegations in this Paragraph as to TI's liability are denied.

58. The assertions contained in Paragraph 58 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. TI further states that to the extent this Paragraph implies that TI had any legal duty to the Plaintiff, it complied with all of its legal duties. Any remaining factual allegations in this Paragraph as to TI's liability are denied.

59. The assertions contained in Paragraph 59 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. TI further states that to the extent this Paragraph implies that TI had any legal duty to the Plaintiff, it complied with all of its legal duties. Any remaining factual allegations in this Paragraph as to TI's liability are denied.

60. The assertions contained in Paragraph 60 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. TI further states that to the extent that it had any legal duty to the Plaintiff, it complied with all of its legal duties. Any remaining factual allegations in this Paragraph as to TI's liability are denied.

61. The assertions contained in Paragraph 61 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. TI further states that to the extent this Paragraph implies that TI had any legal duty to the Plaintiff, it complied with all of its legal duties. Any remaining factual allegations in this Paragraph as to TI's liability are denied.

62. The assertions contained in Paragraph 62 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. To the extent this paragraph contains allegations of fact relevant to the claims remaining in this case after the March 31, 2018 Order (ECF 46), TI states that to the extent it owed Plaintiff any duty of care regarding

possible exposure to radioactive materials, TI complied with any such duty. Any remaining factual allegations in this Paragraph as to TI's liability are denied.

63. The assertions contained in Paragraph 63 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. To the extent these assertions are deemed allegations of fact, denied. TI further states that to the extent that it had any legal duty to the Plaintiff, it complied with all of its legal duties.

64. The assertions contained in Paragraph 64 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. To the extent these assertions are deemed allegations of fact, denied. TI further states that to the extent that it had any legal duty to the Plaintiff, it complied with all of its legal duties.

65. The assertions contained in Paragraph 65 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. To the extent these assertions are deemed allegations of fact, denied.

66. The assertions contained in Paragraph 66 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. To the extent these assertions are deemed allegations of fact, denied. TI further states that to the extent that it had any legal duty to the Plaintiff, it complied with all of its legal duties.

67. The assertions contained in Paragraph 67 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. To the extent these assertions are deemed allegations of fact, denied. TI further states that to the extent this Paragraph implies that TI had any legal duty to the Plaintiff, it complied with all of its legal duties.

68. The assertions contained in Paragraph 68 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. To the extent these assertions

are deemed allegations of fact, denied. TI further states that to the extent this Paragraph implies that TI had any legal duty to the Plaintiff, it complied with all of its legal duties.

69. The assertions contained in Paragraph 69 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required.  To the extent these assertions are deemed allegations of fact, denied. TI further states that to the extent this Paragraph implies that TI had any legal duty to the Plaintiff, it complied with all of its legal duties.

70. The assertions contained in Paragraph 70 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required.  TI further states that to the extent this Paragraph implies that TI had any legal duty to the Plaintiff, it complied with all of its legal duties. Any remaining factual allegations in this Paragraph as to TI's liability are denied.

71. The assertions contained in Paragraph 71 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required.  To the extent these assertions are deemed allegations of fact, denied.

72. The assertions contained in Paragraph 72 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required.  To the extent these assertions are deemed allegations of fact, denied. TI further states that to the extent that it had any legal duty to the Plaintiff, it complied with all of its legal duties.

73. The assertions contained in Paragraph 73 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. TI further states that to the extent that it had any legal duty to the Plaintiff, it complied with all of its legal duties. Any remaining factual allegations in this Paragraph as to TI's liability are denied.

74. The assertions contained in Paragraph 74 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. To the extent these assertions are deemed allegations of fact, denied

75. TI denies the averments contained in Paragraph 75 of the Complaint to the extent this Paragraph may be construed to contain allegations against TI.

76. The assertions contained in Paragraph 76 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. To the extent these assertions are deemed allegations of fact, denied

77. The assertions contained in Paragraph 77 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. TI denies the averments contained in Paragraph 77 of the Complaint to the extent this Paragraph may be construed to contain allegations against TI.

78. The assertions contained in Paragraph 78 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. TI denies the averments contained in Paragraph 78 of the Complaint to the extent this Paragraph may be construed to contain allegations against TI.

79. The assertions contained in Paragraph 79 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. TI denies the averments contained in Paragraph 79 of the Complaint to the extent this Paragraph may be construed to contain allegations against TI.

80. TI denies the averments in Paragraph 80 of the Complaint.

81. TI lacks knowledge or information sufficient to either admit or deny the averments contained in Paragraph 81 of the Complaint, and calls upon the Plaintiff to prove the same. TI denies the

13

averments contained in Paragraph 81 of the Complaint to the extent this Paragraph may be construed to contain allegations against TI.

82. The assertions contained in Paragraph 82 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required.  TI lacks knowledge or information sufficient to either admit or deny certain averments contained in Paragraph 82 of the Complaint, and calls upon the Plaintiff to prove the same. TI further states that to the extent this Paragraph implies that TI had any legal duty to the Plaintiff, it complied with all of its legal duties.   Any remaining factual allegations in this Paragraph as to TI's liability are denied.

83. The assertions contained in Paragraph 83 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required.  TI lacks knowledge or information sufficient to either admit or deny certain averments contained in Paragraph 83 of the Complaint, and calls upon the Plaintiff to prove the same. TI further states that to the extent that it had any legal duty to the Plaintiff, it complied with all of its legal duties. Any remaining factual allegations in this Paragraph as to TI's liability are denied.

## I.       FIRST CLAIM FOR RELIEF NEGLIGENCE/GROSS NEGLIGENCE

84. TI incorporates by reference its response to the preceding Paragraphs of the Complaint as if fully set forth herein.

85. The assertions contained in Paragraph 85 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required.  To the extent these assertions are deemed allegations of fact, denied. TI further states that to the extent that it had any legal duty to the Plaintiff, it complied with all of its legal duties.

86. The assertions contained in Paragraph 86 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required.  To the extent these assertions

are deemed allegations of fact, denied. TI further states that to the extent that it had any legal duty to the Plaintiff, it complied with all of its legal duties.

87. The assertions contained in Paragraph 87 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required.  To the extent these assertions are deemed allegations of fact, denied. TI further states that to the extent that it had any legal duty to the Plaintiff, it complied with all of its legal duties.

88. The assertions contained in Paragraph 88 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required.  To the extent these assertions are deemed allegations of fact, denied. TI further states that to the extent that it had any legal duty to the Plaintiff, it complied with all of its legal duties.

89. TI denies the averments in Paragraph 89 of the Complaint.

90. TI denies the averments in Paragraph 90 of the Complaint.

91. TI denies the averments in Paragraph 91 of the Complaint.

92. TI denies the averments in Paragraph 92 of the Complaint.

93. TI denies the averments in Paragraph 93 of the Complaint.

94. TI denies the averments in Paragraph 94 of the Complaint.

95. TI denies the averments in Paragraph 95 of the Complaint.

96. TI denies the averments in Paragraph 96 of the Complaint.

97. TI denies the averments in Paragraph 97 of the Complaint.

98. TI denies the averments in Paragraph 98 of the Complaint.

## II.    SECOND CLAIM FOR RELIEF NEGLIGENCE

99. TI incorporates by reference its response to the preceding Paragraphs of the Complaint as if fully set forth herein.

100.    The assertions contained in Paragraph 100 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required.  To the extent these assertions are deemed allegations of fact, denied. TI further states that to the extent that it had any legal duty to the Plaintiff, it complied with all of its legal duties.

101.    The assertions contained in Paragraph 101 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required.  To the extent these assertions are deemed allegations of fact, denied. TI further states that to the extent that it had any legal duty to the Plaintiff, it complied with all of its legal duties.

102.    The assertions contained in Paragraph 102 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required.  To the extent these assertions are deemed allegations of fact, denied. TI further states that to the extent that it had any legal duty to the Plaintiff, it complied with all of its legal duties.

103.    TI denies the averments in Paragraph 103 of the Complaint.

104.    TI denies the averments in Paragraph 104 of the Complaint.

105.    TI denies the averments in Paragraph 105 of the Complaint.

### III.    THIRD CLAIM FOR RELIEF NEGLIGENCE PER SE [sic]
### *[DISMISSED ON MARCH 31, 2018 PER ORDER OF THE COURT, ECF 46]*

106. – 110.    TI states that no response is required to Paragraphs 106 to 110 as Plaintiff's Third Claim was dismissed on March 31, 2018, per Order of the Court. (ECF 46).

### IV.    FOURTH CLAIM FOR RELIEF ULTRA-HAZARDOUS ACTIVITY – STRICT LIABILITY

111.    TI incorporates by reference its response to the preceding Paragraphs of the Complaint as if fully set forth herein.

112.    TI denies the averments in Paragraph 112 of the Complaint.

113.    TI denies the averments in Paragraph 113 of the Complaint.

114.    TI denies the averments in Paragraph 114 of the Complaint.

115.    TI denies the averments in Paragraph 115 of the Complaint.

116.    TI denies the averments in Paragraph 116 of the Complaint.

117.    TI denies the averments in Paragraph 117 of the Complaint.

## V.    FIFTH CLAIM FOR RELIEF WILLFUL AND WANTON MISCONDUCT

118.    TI incorporates by reference its response to the preceding Paragraphs of the Complaint as

if fully set forth herein.

119.    TI denies the averments in Paragraph 119 of the Complaint.

120.    TI denies the averments in Paragraph 120 of the Complaint.

121.    TI denies the averments in Paragraph 121 of the Complaint.

122.    TI denies the averments in Paragraph 122 of the Complaint.

123.    TI denies the averments in Paragraph 123 of the Complaint.

124.    TI denies the averments in Paragraph 124 of the Complaint.

125.    TI denies the averments in Paragraph 125 of the Complaint.

126.    TI denies the averments in Paragraph 126 of the Complaint.

## VI.    SIXTH CLAIM FOR RELIEF BREACH OF FIDUCIARY DUTY
### *[DISMISSED ON MARCH 31, 2018 PER ORDER OF THE COURT, ECF 46]*

127. – 134.    TI states that no response is required to Paragraphs 127 to 134 as Plaintiff's Sixth

Claim was dismissed on March 31, 2018, per Order of the Court. (ECF 46).

## VII.   SEVENTH CLAIM FOR RELIEF PREMISE LIABILITY

135.    TI incorporates by reference its response to the preceding Paragraphs of the Complaint as

if fully set forth herein.

136.    TI denies the averments contained in Paragraph 136 of the Complaint as they pertain to

and concern TI, and calls upon the Plaintiff to prove the same.

137.    TI denies the averments contained in Paragraph 137 of the Complaint as they pertain to and concern TI, and calls upon the Plaintiff to prove the same.

138.    TI denies the averments contained in Paragraph 138 of the Complaint as they pertain to and concern TI, and calls upon the Plaintiff to prove the same.

139.    TI states that the documents referenced in Paragraph 139 speak for themselves. TI denies the averments in Paragraph 139 to the extent they misstate the contents of the documents referenced therein. TI denies the remaining averments contained in Paragraph 139 of the Complaint as they pertain to and concern TI, and calls upon the Plaintiff to prove the same.

140.    TI denies the averments contained in Paragraph 140 of the Complaint as they pertain to and concern TI, and calls upon the Plaintiff to prove the same.

141.    TI denies the averments contained in Paragraph 141 of the Complaint as they pertain to and concern TI, and calls upon the Plaintiff to prove the same.

142.    TI denies the averments in Paragraph 142 of the Complaint.

143.    TI denies the averments in Paragraph 143 of the Complaint.

### VIII.   EIGHTH CLAIM FOR INJURY RESULTING FROM INJURY NOT CONTEMPLATED UNDER WORKERS COMPENSATION ACT
*[DISMISSED ON MARCH 31, 2018 PER ORDER OF THE COURT, ECF 46]*

144. – 150.       TI states that no response is required to Paragraphs 144 to 150 as Plaintiff's Eighth Claim was dismissed on March 31, 2018, per Order of the Court. (ECF 46).

### IX.      DAMAGES

### All Claims for Relief

151.    TI denies the averments contained in Paragraph 151 of the Complaint as they pertain to and concern TI, and lacks knowledge or information sufficient to either admit or deny the

remaining averments contained in Paragraph 151 and its subparts a. through t. of the Complaint, and calls upon Plaintiff to prove the same.

## PRAYER FOR RELIEF

The averments contained in the last Paragraph of the Complaint are not allegations of fact, and no response, therefore, is required. To the extent a response is required, TI denies the averments contained in the last Paragraph of the Complaint as they pertain to and concern TI and that Plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

TI denies each and every allegation of the Complaint except as specifically admitted to above, and states and alleges the following affirmative defenses.

1. The Complaint fails to state a claim for which relief can be granted.

2. The Complaint fails to state a claim for which relief can be granted because of a misnomer.

3. The Complaint should be dismissed for lack of jurisdiction over the subject matter of this action.

4. The Complaint should be dismissed for lack of jurisdiction over Defendant in this action.

5. The Complaint should be dismissed for improper venue for this action.

6. The Complaint fails to the extent that Plaintiff's claims have either been settled or adjudicated, and, therefore, the doctrines of *res judicata*, collateral estoppel, payment and release, waiver, and accord and satisfaction bar Plaintiff's claims; and, to the extent Plaintiff has entered into a settlement with any other entity or party regarding his alleged injuries, losses, or damages as described in the Complaint, TI is entitled to a set-off for the total of all amounts paid to Plaintiff from such collateral sources, and, further, TI asserts that it is entitled to a credit for any such sums received.

7.      The Plaintiff's claims are barred by Federal law, including, but not limited to,  the Price-Anderson Nuclear Industries Indemnity Act, as found in 42 U.S.C. §§2011, *et seq.*; and, further, TI acted at all times under the direction of one or more federal entities in the course of their official duties and under color of office regarding their property.

8.      The Plaintiff's claims are barred under the doctrine of accord and satisfaction as it relates to any and all prior claims made pursuant to the Energy Employees Occupational Illness Compensation Program Act, 42 U.S.C. § 7384, *et seq.*

9.      The Plaintiff's claims are barred to the extent Plaintiff applied for and received compensation under the Energy Employees Occupational Illness Compensation Program Act, 42 U.S.C. § 7384, *et seq.*

10.     The Plaintiff had no lawful permission to be on the premises of the Defendant outside of work-related activities; therefore, Plaintiff's rights are reduced to that of a trespasser, with regard to a duty of care owed by the Defendant, which TI expressly denies.

11.     The Plaintiff's claims must fail because TI did not owe any duty to Plaintiff outside of work-related activities with respect to dangers that were open and obvious.

12.     The Plaintiff's claims must fail to the extent they are barred by the Massachusetts Workers' Compensation Act, Mass. Gen. Laws ch. 152, § 1 *et seq*.

13.     Plaintiff's claims are barred pursuant to this Honorable Court's March 31, 2018 Order as "[i]t is plain that injuries alleged arose within the employment context; such work-related injuries are unquestionably precluded by the Massachusetts Workers' Compensation Act." [ECF 46]. Plaintiff's claims are further barred as "neither an employer-employee relationship or something akin to a landlord-invitee relationship can be said under Massachusetts to be fiduciary in nature." [ECF 46].

14.     The Complaint is barred to the extent that Plaintiff failed to join feasible and necessary parties to afford a just adjudication of his claims.

15.     Plaintiff's claim for punitive damages violates TI's due process rights as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and by the due process provisions of the Constitution of The Commonwealth of Massachusetts, and, further, is improper under the common law and public policies of The Commonwealth of Massachusetts.

16.     Punitive damages are improper because there is an insufficient degree of identity between TI and any of its predecessors to justify such an award.

17.     To the extent that Plaintiff suffered damages, if at all, as alleged, said damages resulted from the acts or conduct of an entity or entities or person or persons for whose action or conduct TI was not responsible, had no knowledge of, and had no control over, and/or such acts or conduct of such other parties did not create any duty on the part of TI.

18.     To the extent that Plaintiff suffered damages, if at all, as alleged, said damages were caused by the intervening act or acts or omissions of parties other than TI.

19.     The Complaint is barred by the doctrines of comparative and/or contributory negligence; TI asserts that if it was negligent as alleged, which it specifically denies and states only for purposes of pleading, the negligence of Plaintiff was either equal to or greater than the alleged negligence of TI, and, therefore, Plaintiff cannot recover; Plaintiff is barred from recovery to the extent his conduct alone or in conjunction with that of other parties or nonparties, was the sole proximate cause of his alleged injuries and damages.

20.     The Complaint is barred by the doctrine of comparative negligence; TI asserts that the negligence of Plaintiff contributed to the cause of the occurrence and/or damages, to the extent caused by TI, which it specifically denies and states only for the purposes of pleading, and, therefore, the recovery of damages, if any, must be reduced accordingly.

21.     The Complaint is barred, in whole or in part, because Plaintiff has not been proximately caused any damage by any conduct or omission of or action by TI.

22.     The Complaint is barred, in whole or in part, because Plaintiff failed to mitigate any damages allegedly suffered.

23.     The Complaint is barred, in whole or in part, by the doctrines of equity, consent, waiver, estoppel, unclean hands, and laches.

24.     The Complaint is barred, in whole or in part, by the Statute of Limitations and/or the Statute of Repose.

25.     The Complaint fails because the occurrence and/or damage identified in the Complaint was the result of an unavoidable accident, preexisting conditions, unrelated conditions, and/or natural causes; Plaintiff's occurrences, exposures, and/or damages identified in the Complaint are not due to any act or omission of TI, and if there was any such attribution to TI of the occurrences, exposures, and/or damages, as alleged, it was not legally or factually sufficient to cause or contribute to any injury or damage of Plaintiff.

26.     TI asserts that the injuries and damages as alleged by Plaintiff are the primary and superseding fault or cause of parties other than TI; and any claims for contribution and/or indemnity are based as a matter of law.

27.     The Complaint fails because TI complied with any and all applicable state, federal, and local laws, rules, and regulations and within the state of the medical and scientific knowledge then existing.

28.     The Complaint fails because Plaintiff was knowledgeable of the events and/or information described in the Complaint, and any occurrence or damages as alleged in the Complaint, to the extent they exist, were caused by the failure of Plaintiff to observe known standards of care and heed provided and/or otherwise known warnings.

29.     The Complaint fails because Plaintiff is or was knowledgeable of the events and/or information described in the Complaint and had actual, constructive, or imputed knowledge of any alleged risk or hazard to which he claims exposure; and any occurrence or damages as alleged in the Complaint, to the extent they exist, were caused by the failure of Plaintiff to observe known risks or hazards and heed provided and/or known warnings; Plaintiff voluntarily and knowingly encountered a known danger or otherwise assumed the risk.

30.     TI intends and reserves the right to assert and rely upon such other additional affirmative defenses that become available, apparent, or appear warranted after investigation of the subject matter of the Complaint and the undertaking of discovery herein. Consequently, TI reserves the right to amend its Answer to assert any such affirmative defenses.

WHEREFORE, Defendant Texas Instruments Incorporated denies that it is liable in any manner to Plaintiff and in any sum whatsoever, and prays that judgment be entered in its favor and against Plaintiff James W. Cauger, and that it be awarded its costs, attorneys' fees, and such other relief as the Honorable Court deems just and proper.

### Jury Demand

**TEXAS INSTRUMENTS INCORPORATED DEMANDS A JURY TRIAL OF ALL CLAIMS AND ISSUES PROPERLY TRIABLE AS OF RIGHT.**

Dated: May 31, 2018

Respectfully submitted,
Texas Instruments Incorporated,
By its attorneys,

/s/ Katharine S. Perry
Mark O. Denehy | BBO No. 120380
 mdenehy@apslaw.com
Katharine S. Perry | BBO No. 634167
 kperry@apslaw.com
Michael R. Brown | BBO No. 664239
 mbrown@apslaw.com
Kaitlin K. Smith | BBO No. 687594
 ksmith@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
175 Federal Street
Boston, MA 02110
T: 617.482.0600
F: 617.482.0604

---

**CERTIFICATE OF SERVICE**

I, Katharine S. Perry, hereby certify that this document filed through the ECF system will be served electronically to the registered participants as identified on the Notice of Electronic Filing [NEF] and paper copies will be served via First-Class U.S. Mail to those indicated as non-registered participants on May 31, 2018.

Dated: May 31, 2018     /s/ Katharine S. Perry
                      Katharine S. Perry