UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: TEXAS INSTRUMENTS | ) | Civil Action Nos. |
| ENVIRONMENTAL CASES | ) | 16-10358-DPW |
| | ) | 16-12338-DPW |
| | ) | 16-12339-DPW |
| | ) | 16-12341-DPW |
| | ) | 16-12342-DPW |
| | ) | 16-12343-DPW |
| | ) | 16-12345-DPW |
| | ) | 16-12352-DPW |
| | ) | 16-12353-DPW |
| | ) | 16-12354-DPW |
| | ) | 16-12355-DPW |
| | ) | 16-12356-DPW |
| | ) | 16-12357-DPW |
| | ) | 16-12358-DPW |
| | ) | 16-12359-DPW |
| | ) | 16-12360-DPW |
| | ) | 16-12361-DPW |
| | ) | 16-12362-DPW |
| | ) | 16-12363-DPW |
| | ) | 16-12364-DPW |
| | ) | 16-12365-DPW |
| | ) | 16-12366-DPW |
| | ) | 16-12367-DPW |
| | ) | 16-12368-DPW |
| | ) | 16-12369-DPW |
| | ) | 16-12373-DPW |

PROCEDURAL ORDER
October 10, 2018

Plaintiffs' Counsel in the 26 remaining cases in this litigation which I have consolidated for pretrial proceedings, has moved (Dkt No. 73) to "[W]ithdraw as Counsel of Record without Substitution[s] for the Plaintiiff[s]" based on what he describes as family health, personal, and financial hardship grounds.  The defendant does not challenge Plaintiffs' Counsel's

asserted lack of capacity to pursue this litigation on behalf of the clients for whom he has filed an appearance.

Plaintiffs Counsel's motion, however, comes in the midst of meaningful discovery motion practice and requires leave of court under Local Rule 83.5.2(c).  In order to assure that the plaintiffs for whom counsel seeking to withdraw has, to date, appeared in these several actions have proper notice of the difficulties their counsel's asserted circumstance has thrust upon them in the pursuit of their claims, I will condition allowance of withdrawal upon the submission on or before November 26, 2018, of separate affidavits by counsel and by each named plaintiff attesting under oath:

(1) That they have discussed the circumstances of the efforts of Plaintiff's Counsel to withdraw and the consequent importance for plaintiff to find new representation in order to pursue the litigation;

(2) That the plaintiff does not object to withdrawal of current counsel of record; and

(3) That the plaintiff understands that by no later than 45 days after the allowance of withdrawal of current counsel of record, the plaintiff must secure the appearance of new counsel, failing which that plaintiff's case will be dismissed for want of prosecution unless the plaintiff can establish a proper capacity to continue *pro se*.

It is the obligation of Plaintiffs' Counsel and each named plaintiff (whether individual or representative of a decedent's estate) to provide the court with a current address and other contact information (including an email address, if available) for each plaintiff as an interested party and to keep that address up-to-date while participating in the respective actions.  The failure to do so may lead to a lack of notice regarding further developments in the respective cases.


*/s/ Douglas P. Woodlock*_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE