**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JAMES W. CAUGER, <br><br> Plaintiff, <br><br> v. <br><br> TEXAS INSTRUMENTS, INCORPORATED and JOHN DOE, <br><br> Defendants. | **CIVIL ACTION NO.** <br> **1:16-cv-10358-DPW** |
| FRANK TORNGREN, <br><br> Plaintiff, <br><br> v. <br><br> TEXAS INSTRUMENTS, INCORPORATED and JOHN DOE, <br><br> Defendants. | **CIVIL ACTION NO.** <br> **1:16-cv-12343-DPW** |
| BRETT TORNGREN, <br><br> Plaintiff, <br><br> v. <br><br> TEXAS INSTRUMENTS, INCORPORATED and JOHN DOE, <br><br> Defendants. | **CIVIL ACTION NO.** <br> **1:16-cv-12345-DPW** |

**DEFENDANT TEXAS INSTRUMENTS INCORPORATED'S MOTION**
**FOR PROTECTIVE ORDER**

NOW COMES the Defendant, Texas Instruments ("TI"), and hereby moves that this Honorable Court enter a Protective Order pursuant to Fed. R. Civ. P. 26(c) limiting the scope of deposition topics identified by Plaintiffs in their recent 30(b)(6) deposition notice.[1] Many of the

---

[1] TI has filed a single response to Plaintiffs' Deposition Notice in reply to Plaintiffs' single notice. However, TI maintains that each of these three cases have distinct claims, exposure time periods, and medical allegations, and as a result, potentially have different discovery issues. TI reserves its right to present supplemental separate responses for each individual case.

deposition topics with the Plaintiffs' claimed non-work related exposures and have gone well beyond the scope of discovery identified by Judge Woodlock in his March 31, 2018 Order.[2]

Furthermore, the deposition of the Defendant has been noticed to take place in Boston, Massachusetts. It should instead be conducted in the place of the Defendant's corporate headquarters in Dallas, Texas. As such, the Defendant requests that this Honorable Court issue an Order limiting deposition topics to Schedule A items numbered 1, 2, 3, 13, 25, 26, 27, and 28, and Order that the deposition occur in Dallas, Texas on August 30, 2019.

On August 1, 2019, in connection with Judge Kelley's order, counsel for both parties engaged in a meet and confer where the Defendant's position was outlined. Counsel for the Plaintiff agreed to let the Defendant know by August 6, 2019 if they would agree to limit the scope of deposition and whether he would agree to conduct the deposition in Dallas, Texas. Plaintiff informed Defendant on August 8, 2019 in the Joint Status Report that they intend to file a Motion to Compel regarding the deposition. In response, the Defendant hereby files this instant motion.

As grounds therefore, and as is explored in detail in the accompanying memorandum, the Defendant states the following:

1. Despite many written discovery conferences and exchanges regarding the scope of discovery, the Plaintiffs continue to seek discovery beyond the scope articulated by Judge Woodlock when he dismissed all work related exposure

---

[2] The Plaintiffs have failed to prove how any of the deposition topics are relevant and proportional to the three personal injury claims that remain. Each Plaintiff has a very specific and limited alleged exposure period and there has been no determination or suggestion as to how any of these alleged exposure periods are correlated to the specific (and varying) alleged medical outcomes of the plaintiffs, and the overly broad deposition topics are not appropriately tailored to reflect these claims. For example, Mr. Cauger recently testified that he had no exposure to the Shpack Landfill and that he worked at the Forest Street Facility only from 1957-1959. There has been no attempt to limit the deposition topics to reflect this very narrow time of alleged exposure or to correlate this limited time with any chemical that he was exposed to and his ultimate medical outcome. Similarly, Mr. Brett Torngren testified at his deposition that he only worked at the Forest Street Facility from 1984-1987. He has sustained testicular cancer. The plaintiff has failed to demonstrate how Mr. Torngren's limited time at the Forest Street Facility could have exposed Mr. Torngren to any chemicals that are alleged to be correlated with his diagnosis of testicular cancer. Ultimately, the deposition topics fail to seek appropriately tailored information and further fail to respect Judge Woodlock's Order on discovery being limited to non-work related exposures.

        deposition topics to those which could conceivably relate to non-work related exposures. Namely, Schedule A items numbered 1, 2, 3, 13, 25, 26, 27, and 28. Please note that Schedule A topics 1 and 3 are the same.

2. Deposition topic numbers 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24 are not relevant, are overly broad in time and scope, and are contrary to the express direction of Judge Woodlock's prior rulings. *See* ECF 46, ECF 52. Please note that topics 19, 20, and 21 are the same as topics 14, 15, and 16 respectively. These topics seek information without any date limitation (but presumably dating back to the 1950s), or any limitation to particular chemicals that are allegedly linked to the specific Plaintiff's personal injury claims. Further, they seek information that is only associated with possible exposures at the Plaintiffs' work locations at the Forest Street Facility in Attleboro, MA.

3. Further, the deposition topics are so broad in time, scope, and requested detail that no person or reasonable group of persons could know or reasonably acquire the information- let alone retain it- due to the time and burden such an investigation would involve.

4. Finally, the deposition of a corporate defendant witness should occur where the Corporate Defendant is domiciled particularly when, as in this instance, Defendant has no outstanding corporate facilities in Massachusetts.

For these reasons, the Court should grant TI's Motion for Protective Order.

TEXAS INSTRUMENTS
INCORPORATED,
By its attorneys,

*/s/Katharine S. Perry, Esq.*
Katharine S. Perry | BBO No. 634167
Stephanie M. Chesney| BBO No. 672790
MANNING GROSS + MASSENBURG, LLP
125 High Street
Boston, MA 02110
T: 617.670.8506
F: 617.670.8801
E: kperry@mgmlaw.com
E: schesney@mgmlaw.com

**LOCAL RULE 7.1(a)(2) CERTIFICATE**

Counsel for Texas Instruments Incorporated hereby certifies that counsel for Texas Instruments Incorporated, in good faith has conferred with counsel of record for Plaintiff with respect to the issues raised in this Motion but were unable to obtain assent to the relief requested.

Dated: August 8, 2019  /s/ *Katharine S. Perry*
                                          Katharine S. Perry

**CERTIFICATE OF SERVICE**

I, Katharine S. Perry, hereby certify that this document filed through the ECF system will be served electronically to the registered participants as identified on the Notice of Electronic Filing [NEF] on August 8, 2019.

Dated: August 8, 2019  /s/ *Katharine S. Perry*
                                          Katharine S. Perry